## Wernick *v.* Pennsylvania Fire Ins. Co., Appellant.

Argued October 11, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, J|J. Judgment, as modified, is

*Horace Michener Schell,* for appellant.

*Abraham Wernick,* of *Evans & Wernick,* and with him *Nathaniel Shapiro,* for appellee.

OPINION BY BALDRIGE, J., January 4, 1935:

This suit was brought to recover an unearned premium on a policy of fire insurance.

On November 30, 1927, the defendant company issued to Louis Berger, William Berger and Kathryn Wolf, administratrix of the estate of Jacob G. Wolf, a policy of fire insurance, in the sum of $25,000, for the term of ten years from November 30, 1927, in consideration of a premium of $1,879.38. On the same date, the insured delivered to the Wyoming Avenue Building and Loan Association a mortgage, in the principal sum of $25,000, on the same premises insured by the policy aforesaid. A mortgagee clause was attached to the policy, making the loss, if any, payable to the building and loan association. The mortgagors failed to comply with the terms and conditions of the bond and the accompanying mortgage, and the mortgagee caused the premises to be sold at sheriff's sale on January 6, 1930. On April 7, 1930, the sheriff executed a deed to Marie T. Ambs, the nominal purchaser, acting as a straw party for the building and loan association. On May 2, 1930, the insured sent to the defendant company a letter, which it duly received, requesting cancellation of the fire insurance on the premises. Accompanying the notice of cancellation was an assignment executed by the insured, transfer-

ring all their interest in the unearned premium under the policy to Abraham Wernick, the plaintiff herein, and requesting that the unearned premium be paid to him. The policy was not surrendered with this notice of cancellation; it was in the possession of the mortgagee. On May 10, 1930, the insurance company refused to recognize this demand on the ground that there was no return premium due, as the policy was void owing to the foreclosure proceedings. On September 22, 1930, the building and loan association caused attachment sur judgment to be issued against Louis Berger et al., the former owners, upon a deficiency judgment, and summoned the defendant company as garnishee.

In the answer to the interrogatories, the defendant insurance company stated that the building and loan association demanded the return of the premium, but that it refused to comply with the request as the association had no legal right or authority to cancel the contract of insurance. Notwithstanding the letter of May 2, 1930, requesting cancellation, the insurance company answered further that no request for cancellation had been made by the original insured. After the interrogatories were filed, the defendant and the building association, through their attorneys, entered into an agreement, whereby the association agreed to discontinue the attachment and the defendant agreed to place an endorsement on the policy in favor of the Real Estate Land Title & Trust Company, a subsequent mortgagee; and this was accordingly done.

The judge below, sitting without a jury, found for the plaintiff, in the sum of $1,409.47, the amount of his claim, with interest from May 2, 1930, amounting to $1,712.72.

The first position before us taken by the appellant is that the policy became void for breach of a condition subsequent, and that, therefore, there was no unearned premium due the insured. The policy con-

tained the provision that it should be void unless otherwise provided by agreement in writing, "(c), if, with the knowledge of the insured, foreclosure proceedings be commenced, or notice given of sale of any property insured hereunder, by reason of any mortgage or trust deed."

We had occasion to consider this same provision in the case of Budd B. & L. Assn. v. Kinsella et al., 102 Pa. Superior Ct. 248, 156 A. 577. There, however, no request was made for cancellation. In neither case was there any suggestion of fraud, misrepresentation, affirmative misconduct or deliberate action on the part of the insured in violation of the terms of the policy. Judge Cunningham, speaking for the court in the Kinsella case, after reviewing a number of authorities, stated that to render a policy void, it must be through the conduct of the insured—a voluntary violation of the covenants of the policy, and that failure to pay a mortgage in accordance with its terms is not such a voluntary breach of the covenants of the policy as will justify the insurance company in declaring it void and retaining the entire premium against the demand of the insured. To hold otherwise would oftentimes be unjust. For instance, in the Kinsella case, the company had carried the risk for less than a year and a half out of a ten-year term. In the case at bar, the defendant company, if its contention is correct, could have retained the unearned premium of more than seven out of the ten-year period. We might add that the subsequent actions of the defendant company indicate that it did not consider the policy as void, a mere nullity. It expressly recognized it as continuing in effect. We find neither legal nor equitable merit to this contention of the appellant.

The second and third positions may be considered together as they raise the question whether this policy of insurance could be effectually cancelled by the as-

sured without the surrender of the policy and the consent of the mortgagee. There is a provision in the policy which provides as follows: "This policy shall be cancelled at any time at the request of the insured; in which case the company shall, upon demand and surrender of this policy, refund the excess of paid premiums above the customary short rates for the expired time." When the notice of the assured that they desired the policy cancelled was received by the insurance company, that terminated the policy. In order to be entitled to payment of the unearned premium, however, it was necessary, under its provision, if we assume that provision was not waived, that the policy be surrendered. It made no material difference whether it was delivered by the insured or the mortgagee; the insurance company was entitled to its surrender. On September 22, 1930, the mortgagee returned the policy to the defendant company with the express notice that it desired its cancellation. It is unnecessary to decide whether it retained an interest in the policy to that time. Certainly thereafter the mortgagee had no further interest therein; nor could it claim continued protection. The insurance company had a notice of cancellation from the insured and from the mortgagee and had possession of the policy. The terms of the policy were fulfilled and the insured then had the right to demand payment of the unearned premium.

The appellee argues that the company waived the surrender of the policy as it did not assign that reason for refusing to pay the unearned premium, and that interest is due from May 2, 1930. That an insurance company may waive any provision in a policy, inserted for its benefit, can not be questioned: Fedas v. Ins. Co. of State of Pa., 300 Pa. 555, 151 A. 285.

In our view, however, the liability of the defendant should be placed on the firmer ground of compliance with the cancellation provisions of the policy. The

plaintiff is entitled, therefore, to recover the excess premium above the customary short rates for the expired time, with interest from September 22, 1930, the date the policy was surrendered, instead of May 2, 1930, as allowed by the trial judge.

Judgment, as modified, is affirmed.